# In the United States Court of Federal Claims

No. 24-1303
(Filed: December 19, 2024)

```
* * * * * * * * * * * * * * * * *
                                 *
ARLENE FAYE HATTEN,              *
                                 *
                Plaintiff,       *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

*Arlene Faye Hatten, pro se*, of Mt. Gilead, OH.

*Matthew Jude Carhart*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff Arlene Hatten alleges that actions taken by state officials and private entities constitute violations of various federal statutes and constitutional provisions. Throughout her complaint, Plaintiff references statutes and constitutional provisions that are not compensable under the Tucker Act and, therefore, are beyond this Court's jurisdiction. Rather than state a claim against the United States, Plaintiff's complaint invites the Court to consider the validity of her debt to private entities and the legality of the actions taken by state officials. For the reasons discussed below, the Court declines this invitation and grants the government's motion to dismiss this case under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC").

## BACKGROUND

Plaintiff filed this action against the United States on August 23, 2024. ECF No. 1. Plaintiff directs her claims—ranging from vague allegations of treason to violations of the Lieber

Code—against state officials and private individuals.[1]  *Id*. at 9–12, 14–15.  Specifically, Plaintiff lists the Morrow County Court of Common Pleas, two of its judges, a clerk of the court, the Morrow County Sheriff's Office and several of its officers, a financial service company, its chief executive officer, a private individual, and a law firm as defendants in her complaint.[2]  *Id*. at 8.

Plaintiff's claims, as best the Court can discern, stem from the seizure of her property by state officials to satisfy a private debt.  *Id*. at 2 (claiming that "[Plaintiff's] home [was] wrongfully taken without due process" by law enforcement officers).  First, Plaintiff claims that private entities violated debt collection statutes through the foreclosure of her property.  *See id*. at 10.  Second, Plaintiff alleges that the county court and its officers, *inter alia*, "conspired against [her] rights," acted outside of their delegated authority, and committed various criminal acts by granting an order of eviction against her.  *See id*. at 9–10.  Third, Plaintiff asserts that the Morrow County Sheriff's Department and its officers committed piracy, treason, and extortion by enforcing the county court's eviction order.  *Id*. at 12.  Plaintiff further contends that these combined actions resulted in the violation of her constitutional rights.  *See id*. at 15.

Because of the alleged actions of these defendants, Plaintiff asks the Court for relief in the sum of over $74 million for the seizure of $35,500 of Plaintiff's property.  *See id*. at 18.  Plaintiff purports to have mailed "an opportunity to cure, default [sic] and affidavit of obligation of lien" to these defendants and claims that these documents should be given legal effect.  *See id*. at 11 (stating that "there is now a consensual agreement of the crimes committed" because defendants did not respond to Plaintiff's documents).  Notably, Plaintiff does not assert that the United States violated any laws.  *See id.*  Indeed, Plaintiff fails to name the United States as a defendant throughout her complaint.  *See, e.g.*, *id*. at 8, 18–20.

In response to Plaintiff's complaint, the government filed a motion to dismiss for lack of subject matter jurisdiction.  ECF No. 12.  The government notes that "Plaintiff's complaint bears the hallmarks of a sovereign citizen complaint" in style and substance and that "[c]ourts across the country have uniformly rejected claims by sovereign citizens as frivolous."  *Id*. at 1, 2.  The government asserts that "[b]ecause claims based upon sovereign citizen theories are frivolous, they should be 'rejected summarily, however they are presented.'"  *Id*. at 6 (quoting *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011)).  The government further states that Plaintiff's "complaint is littered with references to dozens of statutes, Constitutional provisions, and other putative sources of law[,] [b]ut it is impossible to discern a cognizable legal theory that is plausibly alleged, much less one that would support an exercise of this Court's jurisdiction."  *Id*.  Despite Plaintiff's references to the Tucker Act, the government contends "it is entirely unclear what alleged facts relate to these sources of law."  *Id*.  Moreover, according to the

---

[1] Plaintiff lists the laws and constitutional provisions the defendants allegedly violated in her complaint.  *See* ECF No. 1 at 14–15.  All told, Plaintiff lists thirty-eight statutory violations and fourteen constitutional violations.  *Id*.

[2] Plaintiff asserts claims against the Morrow County Court of Common Pleas; Judge Tom C. Elkin; Judge Robert C. Hickson Jr.; County Clerk Mary Meadows; Selene Finance LP; CEO Josepha Pensabene; Sheila Daniels; Saia, Marroco & Jensen; the Morrow County Sheriff's Office; Sheriff John L. Hinton; Officer Crabtree; Officer Atwel; Officer Plough; and Deputy Sheriff Brian Newsome.  ECF No. 1 at 8.

government, it seems that "[Plaintiff] appears to intend to proceed against state officials rather than the United States." *Id*.

In response to the government's motion to dismiss, Plaintiff filed a response that was signed by an individual named Peter Polinski. *See* ECF No. 13.[3] Mr. Polinski purports to act on behalf of Plaintiff as a "private attorney general" pursuant to 42 U.S.C. § 1988, a provision governing the award of attorneys' fees in specified civil rights cases. ECF No. 1 at 8, 13. This provision bears no relation to the instant case. Furthermore, Mr. Polinski has not demonstrated that he is authorized to practice law, much less is eligible to practice law before this Court. *See* RCFC 83.1. Nonetheless, the Court considers Plaintiff's complaint and response as filed, as they do not change the Court's analysis in this case. Plaintiff's response confirmed that her claim is "grounded in the alleged violations of [her] fundamental constitutional rights" by state employees. ECF No. 13 at 1.

For the first time, in response to the government's motion to dismiss, Plaintiff also alleges that the actions taken by these state employees amounted to a taking, which, according to Plaintiff, "requires just compensation for the government's taking of private property for public use without due process." *Id.* Plaintiff contends that the "United States, through its provision of federal funding and oversight mechanisms, has a responsibility to ensure that state and local governments act within the bounds of the law" and that its alleged failure to do so "allowed [local] officials to act with impunity, resulting in the unlawful seizure of [Plaintiff's] private property . . . ." *Id.* at 2.

The government moved to strike Plaintiff's response because her brief was signed by a non-attorney purporting to act on her behalf. *See* ECF No. 14. Alternatively, the government asserts that "the arguments made in the opposition brief give no reason to deny [its] motion [to dismiss]." *Id.* at 2. The government reiterates that Plaintiff's response "confirms that the actions challenged in the complaint were undertaken by state officials, not the Federal Government" and that, in any event, Plaintiff does not plausibly allege a taking. *Id*. (citing ECF No. 13 at 1–2). Finally, the government argues that the remainder of the brief "focuses upon alleged violations of statutes and Constitutional provisions that are not money-mandating . . . and thus cannot form the basis for viable causes of action in this Court." *Id.* Consequently, the government maintains that Plaintiff's complaint must be dismissed because it fails to raise any issues within the scope of this Court's jurisdiction. *Id.* at 3.

## DISCUSSION

**A.   Legal Standard**

In accordance with RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the nonmoving party and view all logical inferences in the light most favorable to that party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v.*

---

[3] Mr. Polinski also signed portions of Plaintiff's complaint. *See* ECF No. 1 at 26–39.

*Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and the provision's text must be "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

**B.     Analysis**

Plaintiff's own words reveal that her claims are directed against state and local officials and private entities. *See* ECF No. 1 at 9–12, 28–38 (listing statutory and constitutional violations by private actors and local officials but not any statutory or constitutional violations by the United States). As Plaintiff recognizes, this Court is a court of limited jurisdiction and can only hear cases against the United States. *Id.* at 16 (citing *Paret-Ruiz v. United States*, 827 F.3d 167, 176 (1st Cir. 2016) for the proposition that the "[T]ucker [A]ct [] waives the government's immunity against certain types of constitutional claims under *specified conditions*" (emphasis added)). Unfortunately for Plaintiff, the allegations outlined in her complaint fail to satisfy these jurisdictional conditions.

First, this Court has no jurisdiction over claims against any entity or person but the United States. The Court cannot exercise jurisdiction over private persons and entities. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Similarly, the Court cannot exercise jurisdiction over states and localities. Rather, claims must be directed "against the United States" for this Court to exercise jurisdiction. 28 U.S.C. § 1491(a)(1); *see Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Thus, Plaintiff's claims against all parties other than the United States must be dismissed. This jurisdictional deficiency alone is fatal to Plaintiff's case, as Plaintiff does not appear to allege any claims against the United States

whatsoever. *See generally* ECF No. 1. Tellingly, Plaintiff fails to name the United States as a defendant throughout her complaint. *Id.*

Simply put, Plaintiff fails to allege any specific actions taken by the United States that would vest this Court with jurisdiction. Plaintiff's claim is wholly unsupported by any reference to an express or implied contract with the United States or any other money-mandating source of law as required by the Tucker Act. *Mitchell*, 463 U.S. at 216–17 (citing *Testan*, 424 U.S. at 400). Plaintiff's claims appear to be rooted in her obligations to private parties and the subsequent enforcement of those obligations by county officials. Although Plaintiff eventually invokes the United States as a defendant, her "complaint must not only name the United States as the defendant, but its allegations also must implicate the United States." *Hankins v. United States*, No. 21-2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)).

Second, Plaintiff's underlying claims cannot serve as the basis of the Court's subject matter jurisdiction. As mentioned, the Tucker Act does not by itself "create a substantive right enforceable against the United States." *Smith*, 709 F.3d at 1116. Plaintiff lists violations of the federal criminal code to support her claims, ECF No. 1 at 14, but this Court cannot exercise jurisdiction over criminal matters, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."). Similarly, Plaintiff lists violations of statutes and constitutional provisions that are not money-mandating. For example, Plaintiff alleges violations of civil rights statutes that are committed to the jurisdiction of other courts. *Stephens v. United States*, 165 Fed. Cl. 341, 350 (2023) (stating that claims arising under 42 U.S.C. § 1985 "fall within the jurisdiction of the district courts rather than this Court"); *see also* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."). Moreover, Plaintiff fails to substantiate these alleged statutory and constitutional violations with specific factual allegations against the United States.

Finally, although not pled in her complaint, Plaintiff asserted a claim under the Just Compensation Clause of the Fifth Amendment in her response to the government's motion to dismiss. ECF No. 13 at 1. Unlike the claims mentioned above, a claim for just compensation is a claim over which this Court has jurisdiction. Under the Constitution, the government may not "take" private property for public use without providing the property owner with just compensation. U.S. CONST. amend. V. However, Plaintiff does not plausibly allege a taking by the United States. In Plaintiff's own words, her property was taken, not by the United States, but by private entities and local officials. *See* ECF No. 13 at 1 (stating that "property was wrongfully seized by the municipality without legal authority . . ."). Additionally, Plaintiff fails to identify any public use for her property, likely because her property was used to satisfy her private obligations to private entities.

Despite her citations to the Constitution and federal statutes, Plaintiff cannot establish that this Court has jurisdiction over any of her claims. And, despite the caption of this case, Plaintiff's claims center on her dispute with private entities and local officials and not with the

United States.  Consequently, the Court must grant the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge